UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SENG JEWELERS, LLC | ) | CHAPTER 11 |
| | ) | |
| Debtor | ) | CASE NO. 20-32103-thf |
| | ) | |

**DEBTOR'S FIRST-DAY MOTION FOR AUTHORITY
TO PAY WAGES, SALARIES, WITHHOLDING TAXES,
DESIGNATED PAYMENTS, AND EMPLOYEE BENEFITS**

Seng Jewelers, LLC, as a debtor and debtor in possession (the "Debtor"), hereby moves the Court for entry of an order authorizing the payment of wages, salaries, withholding taxes, designated payments, and employee benefits to and on behalf of employees of the Debtor. In support of this motion, the Debtor states as follows:

**Jurisdiction**

1. The Court has jurisdiction over this case and the subject matter of this Motion pursuant to 28 U.S.C. §§ 1334 and 157(a) and the general order of reference issued by the United States District Court for the Western District of Kentucky.

2. Venue of this case in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409 of the Local Rules of the United States Bankruptcy Court for the Western District of Kentucky (the "Local Rules").

3. Resolution of this motion is a core proceeding in which the Court is authorized to enter a final order by 28 U.S.C. § 157(b)(2)(A), (M) and (O).

4. The statutory bases for the relief sought in this motion are 11 U.S.C. §§ 105, 363, and 1108. This Motion is brought pursuant to Rule 6003 of the Federal Rules of Bankruptcy Procedure and Local Rule 9013-1.

**Background**

5. The Debtor is a Georgia limited liability company authorized to do business in Kentucky, with its principal place of business being 401 West Main Street, Suite 110, Louisville, KY 40202.

6. On August 18, 2020 (the "Petition Date"), the Debtor filed in this Court its voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to 11 U.S.C. §§ 1107(a) and 1108, the Debtor continues to operate its business and manage its property as a debtor in possession.

7. As of the filing of this Motion, no official committee of unsecured creditors has been appointed, and no request for appointment of a chapter 11 trustee or examiner has been made.

8. The Debtor currently employs approximately five (5) employees.

9. The Debtor remits net compensation to employees and processes payroll deductions, including, but not limited to, deductions for: withholding taxes, child support, chapter 13 plan payments, court-ordered garnishments, and health savings account contributions.

10. The Debtor's employees are paid bimonthly, every other Friday. In the ordinary course of the Debtor's business, its employees are to be paid on Friday, August 21, 2020, for the period of Thursday, August 13, 2020 through Wednesday, August 26, 2020 (the "Pay Period").

11. For the Pay Period, which encompasses the days immediately prior to and after the Petition Date (but due after the Petition Date), the Debtor is liable for approximately $9,268.63.00 in gross wages of current employees (the "Pre-Petition Wages")—representing amounts incurred in the ordinary course of business—including approximately $6,534.90 in net salary and $2,063.98 in withheld taxes.

12. Necessarily attendant to the payment of payroll obligations is the Debtor's obligation to pay federal and state withholding taxes (the "Withholding Taxes"). At any given time, there may be Withholding Taxes withheld from employees' paychecks but not yet remitted to the appropriate taxing authorities. The Debtor submits that these amounts withheld, but not yet paid, constitute funds held in trust for the benefit of the Debtor's employees. Nonetheless, in an abundance of caution, the Debtor seeks explicit authority to remit these amounts to the appropriate taxing authorities. As stated in paragraph eleven (11), the Debtor estimates that its employer liability for federal, state, and local taxes (the "Employer Taxes") for the Pay Period to be approximately $2,063.98. Accordingly, by this motion, the Debtor seeks authority to remit to the appropriate taxing authorities all accrued, but unremitted, Withholding Taxes and Employer Taxes for the Pay Period when they are due or as soon as practicable.

13. Additionally, in the ordinary course of business and as is customary with most firms comparable to the Debtor, the Debtor has established various employee-benefit plans and policies for the benefit of its employees which provide such persons with options to purchase or supplement health insurance, life insurance, dental insurance, vision insurance, short-term disability insurance, and accident insurance (collectively, the "Employee Benefits").

14. Furthermore, as a service to its employees, the Debtor withholds certain amounts from its employees' paychecks for the benefit of designated recipients or purposes, including, but not limited to, the payment of garnishment orders, child support orders, chapter 13 bankruptcy plan payments, voluntary retirement savings plans, and flexible spending plans (the "Designated Payments"). The Debtor submits that such amounts are, in effect, trust funds held by the Debtor for the benefit of its employees.

**Request for Relief**

15. Unless authorized by the Court, the Debtor will be restricted from paying the Pre-Petition Wages attributable to the period prior to the Petition Date, and the Withholding Taxes, Employer Taxes, Employee Benefits, and Designated Payments related thereto. It is essential to the Debtor's continued operations and maintenance of its value as a going concern that the services of Debtor's employees be retained and that the morale of such persons be maintained. If the checks and fund transfers issued with respect to the Pay Period are dishonored or voided and accrued compensation is not paid, these individuals and their families will suffer extreme personal hardship and may be unable to pay their daily living expenses.

16. A significant deterioration in employee morale at this critical time undoubtedly would have a substantially adverse impact on Debtor, the value of its assets and business, and its ability to continue serving its consumers and the community. Debtor submits that the total amount to be paid if the authorization sought herein is granted is *de minimis* compared with the size of Debtor's estate and the importance of Debtor's employees to its ongoing operations.

17. In the normal course of business, the Debtor maintains accurate and complete records of its charges and any amounts that it pays in respect of wages and reimbursable business expenses. The Debtor will continue to maintain such records on an ongoing basis.

18. The Debtor submits that the payment of all Pre-Petition Wages, Withholding Taxes, Employer Taxes, Employee Benefits, and Designated Payments, in accordance with current practice, is in the best interests of all parties and will enable Debtor to continue to operate its business in an economic manner without disruption. These payments will

be crucial to the well-being of the Debtor's employees who are vital to Debtor's ongoing business and the success of its reorganization.

19. Furthermore, as indicated above, the amounts withheld as Withholding Taxes and Designated Payments effectively constitute trust funds held for the benefit of the Debtor's employees. Accordingly, these withheld funds technically are not property of the Debtor's estate and should be paid to the designated recipients or for the designated purposes. The Debtor submits that it would be unfair and imprudent to divert employees' funds from their designated purposes which, in some instances represent obligations. To do so may unnecessarily derail the Debtor's reorganization process by needlessly raising collateral issues and causing a significant deterioration in employee morale.

20. Under 11 U.S.C. § 507(a)(4), each employee of the Debtor may be granted a priority claim for:

> allowed unsecured claims, but only to the extent of $12,850.00 for each individual or corporation, as the case may be, earned within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first, for—
>
> 1. wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual;
>
> 2. sales commissions earned by an individual or by a corporation with only 1 employee, acting as an independent contractor in the sale of goods or services for the debtor in the ordinary course of the debtor's business if, and only if, during the 12 months preceding that date, at least 75 percent of the amount that the individual or corporation earned by acting as an independent contractor in the sale of goods or services was earned from the debtor.

21. Thus, each employee claim that would result from the Debtor's non-payment of Pre-Petition Wages and related amounts due would constitute priority claims against the Debtor's bankruptcy estate (given that no employee of the Debtor is owed an amount in excess of, or even approaching, the statutory limit of $12,850). Absent the relief requested

herein, the Debtor would likely lose most of its workforce and generate substantial priority claims that would impair unsecured creditors' ability to recover from the estate.

**WHEREFORE**, the Debtor respectfully requests authority to pay wages, salaries, withholding taxes, designated payments, and employee benefits, and for all other appropriate relief.

A proposed Order is tendered herewith.

Respectfully submitted,

*/s/ Neil C. Bordy*
NEIL C. BORDY
KEITH J. LARSON
SEILLER WATERMAN LLC
Meidinger Tower – 22nd Floor
462 S. Fourth Street
Louisville, Kentucky 40202
Telephone: (502) 584-7400
Facsimile: (502) 583-2100
E-mail: bordy@derbycitylaw.com
E-mail: larson@derbycitylaw.com
*Proposed Counsel for the Debtor*

## CERTIFICATE OF SERVICE

It is hereby certified that on August 19, 2020 a true and correct copy of the foregoing Motion For Authority To Pay Wages, Salaries, Withholding Taxes, Designated Payments, And Employee Benefits was (a) mailed electronically through the U.S. Bankruptcy Court's ECF system to the electronic addresses as set forth in the ECF system to the U.S. Trustee and all other persons receiving electronic notifications in this case, (b) mailed, first-class, postage prepaid to all Secured Creditors and the holders of the Twenty Largest Unsecured Claims, (c) mailed, first-class, postage prepaid, to all other persons, if any, identified in the Court's Notice of Electronic Filing who do not receive electronic notice but are entitled to be served, and (d) emailed to counsel for JP Morgan Chase Bank, NA at martin.tucker@dinsmore.com and to counsel for American Express Bank, FSB at hebronlitigation@zwickerpc.com.

*/s/ Neil C. Bordy*
NEIL C. BORDY

g:\doc\ncb\seng jewelers\pldgs\first-day motion re payroll.docx